UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EMANUEL CHOC-CHOC (A-No. 203-753-880),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF CENTRAL VALLEY ANNEX ICE DETENTION FACILITY,<br><br>Respondent. | Case No. 1:26-cv-07886-JLT-HBK<br><br>ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; DENYING THE MOTION TO APPOINT COUNSEL; AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Docs. 1, 3, 4) |

## I. INTRODUCTION

Before the Court is David Emanuel Choc Choc's request for a temporary restraining order (Doc. 4), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting that Petitioner is subject to mandatory detention under the Laken Riley Act (LRA), codified in 8 U.S.C. § 1226(c)(1)(E), due to his recent arrest for assault on a law enforcement officer. (Doc. 9.) For the reasons set forth below the Court, **DENIES** the habeas petition.[1]

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 8.) Respondents do not request a hearing or further briefing. (Doc. 9 at 1.) Petitioner did not file a reply. Accordingly, the Court decides this case on the underlying habeas petition on the present record.

## II. JURISDICTION

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner argues he is entitled to immediate release, or in the alternative, a substantive bond hearing because the government violated the Fifth Amendment Due Process Clause when ICE re-detained him without pre-deprivation notice and hearing. (Doc. 1 at 26.) Thus, he properly invokes the Court's habeas jurisdiction.

The Immigration and Nationality Act limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue, and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm*., 525 U.S. 471, 482 (1999).

Further, although Respondents argue that this Court lacks jurisdiction under 8 U.S.C. § 1226(e) to review Petitioner's mandatory detention pursuant to the LRA, the Court disagrees. Respondents argue that the "Laken Riley Act amended the judicial review provision at[] 8 U.S.C. § 1226(e)," which prohibits this Court from setting aside the government's discretionary determination that Petitioner is subject to mandatory detention under § 1226(c). (Doc. 9 at 3); *see also* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). However, the Laken Riley Act, passed by Congress on January 29, 2025, says nothing about amending the judicial review provision at § 1226(e). *See*

Pub. L. No. 119-1, § 2, 139 Stat. 3, 3 (2025). Additionally, as the Ninth Circuit has previously explained, "[a]lthough § 1226(e) restricts jurisdiction in the federal courts in some respects, it does not limit habeas jurisdiction over constitutional claims or questions of law." *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011), *rev'd on other grounds*, 53 F.4th 1189 (9th Cir. 2022); *see also Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017). Thus, this Court maintains jurisdiction to review Petitioner's due process claim.

## III. FACTUAL BACKGROUND

Petitioner is from Guatemala. (Doc. 1, ¶ 1.) On May 24, 2019, Petitioner immigrated to the United States, where he was encountered by federal immigration officials and released on an Order of Recognizance. (Doc. 9 at 15.) On July 24, 2026, Petitioner was arrested by Jackson Township Police Department, in relevant part, for aggravated assault on a law enforcement officer in violation of New Jersey Stat. Ann. § 2C:12-1(b)(5)(a). (*Id*. at 15, 22.) The I-213 indicates that charges for this offense are pending, and Petitioner's RAP sheet explains that the case was sent to the prosecutor for disposition. (*See id*. at 15, 22.) Upon searching Petitioner's criminal case in New Jersey's criminal court database, the database confirms that a complaint was filed in connection with this offense and that the case was scheduled for an early disposition program, which remains ongoing. *See* NJ Courts Public Access, Criminal Cases: PROMIS/Gavel Public Access, https://portal.njcourts.gov/webe41/ExternalPGPA/entry (last visited November 2, 2026).

On July 26, 2026, ICE lodged an immigration detainer with the local police. (*Id*. at 15.) On August 3, 2026, ICE arrested the Petitioner upon his release from police custody. (*Id*. at 16.) On August 4, 2026, DHS issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) and (a)(7)(A)(i)(I) of the INA. (Doc. 9 at 9–12.) Petitioner was subsequently transferred to Central Valley Annex Detention Facility, where he remains. (Doc. 1, ¶ 1.) Petitioner's removal proceedings are ongoing.[2] On September 25, 2026, Petitioner filed a petition for writ of habeas corpus and motion for temporary restraining order, arguing that his

[2] *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited November 2, 2026).

detention without a pre-deprivation hearing violates the Fifth Amendment Due Process Clause. (Doc. 1 at 25–26; Doc. 4 at 17–20.) On October 5, 2026, Respondents filed an opposition, arguing that Petitioner is lawfully detained under the LRA. (Doc. 9 at 2–6.) Petitioner did not file a reply.

## IV. DISCUSSION

Respondents argue that Petitioner's pending charges under New Jersey Stat. Ann. § 2C:12-1(b)(5)(a) for aggravated assault on a law enforcement officer trigger the mandatory detention provision of 8 U.S.C. § 1226(c)(1)(E). (Doc. 9 at 2–3.) The Court agrees. The Laken Riley Act, passed by Congress in January 2025, "amended [8 U.S.C.] § 1226(c) to subject additional categories of noncitizens who have had interactions with law enforcement to mandatory detention without a bond hearing." *Yesil v. Chestnut*, *et al.*, No. 1:26-cv-01758-DC-AC, 2026 WL 834066, at *3 (E.D. Cal. Mar. 26, 2026) (citing Pub. L. No. 119-1, 139 Stat. 3 (2025)). Specifically, the Laken Riley Act, codified in 8 U.S.C. § 1226(c)(1)(E), states that detention is mandatory for any noncitizen who:

> (E)(i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and
>
> (E)(ii) **is charged with**, is arrested for, is convicted of, admits having committed, or admits committing **acts which constitute the essential elements of any** burglary, theft, larceny, shoplifting, or **assault of a law enforcement officer offense**, or any crime that results in death or serious bodily injury to another person, when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1)(E) (emphasis added).

As to the first statutory condition, the record indicates that DHS recently charged the Petitioner as removable under INA § 212(a)(6)(A)(i) and § 212(a)(7)(A)(i)(I), (*see* Doc. 9 at 9–12). As such, the first statutory condition under the Laken Riley Act is met. 8 U.S.C. § 1226(c)(1)(E)(i); *Haryana-Sandhir v. Warden Golden State Annex*, No. 1:26-cv-00405-DJC-SCR, 2026 WL 221372, at *2 (E.D. Cal. Jan. 28, 2026) ("Because [section] (6)(A) applies, the first condition is met.").

As to the second statutory condition, there is no question that Petitioner was arrested and charged with aggravated assault on a police officer under New Jersey Stat. Ann. § 2C:12-1(b)(5)(a). (Doc. 9 at 15, 22.) That statute reads: "A person is guilty of aggravated assault if the person: Commits a simple assault as defined in paragraph (1), (2), or (3) of subsection (a) of this section upon: Any law enforcement officer acting in the performance of the officer's duties while in uniform or exhibiting evidence of authority or because of the officer's status as a law enforcement officer." New Jersey Stat. Ann. § 2C:12-1(b)(5)(a). On its face, the Laken Riley Act appears to apply to Petitioner, because he was arrested and charged for assaulting a law enforcement officer, which is one of the enumerated crimes in 8 U.S.C. § 1226(c)(1)(E)(ii); *see Rohit Lnu v. Chestnut*, 1:26-cv-00016-JLT-SAB, 2026 WL 395882, at *1, 4 (E.D. Cal. Feb. 12, 2026) (dealing with an arrest for petty theft in violation of California Penal Code § 484(a) and finding that, on its face, it appeared to qualify as an enumerated crime of theft), *report and recommendation adopted in full*, 2026 WL 623148, at *1 (E.D. Cal. Mar. 5, 2026); *see also Singh v. Chestnut*, No. 126-cv-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) (dealing with an arrest for battery with serious bodily injury and finding that, on its face, it appeared to qualify as an enumerated crime of aggravated battery).

Because Petitioner's offense falls under the LRA and charges for this offense remain pending, the Court finds that Petitioner is subject to mandatory detention under § 1226(c)(1)(E) and that he is not entitled to immediate release or a bond hearing. *Cf. Singh v. Wofford*, No. 1:26-cv-01161-KES-EPG (HC), 2026 WL 972547, at *2 (E.D. Cal. Apr. 10, 2026) (collecting cases which have found that the Laken Riley Act ceases to apply when charges for an enumerated offense have been dropped or dismissed). For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.
2. The motion for temporary restraining order (Doc. 4) is **DENIED** as **MOOT**.
3. The motion to appoint counsel (Doc. 3) is **DENIED**.[3]

---

[3] Petitioner asks this Court to appoint counsel in his habeas action. (Doc. 3.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." As explained above, considering Petitioner's pending charges for aggravated assault on a law enforcement officer, the Court finds that his detention is mandatory under § 1226(c) and denies habeas relief. Accordingly, the interests of justice do not require appointment of counsel.

4. The Clerk of Court is directed to serve this Order on the Central Valley Annex Detention Facility in McFarland, California.

5. The Clerk of Court is directed to **CLOSE** the case.

IT IS SO ORDERED.

Dated: _November 2, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE